**Felipe Moises YAC–SALANIC, a.k.a. Pedro Gonon–Xiap, Petitioner,**

v.

**Michael B. MUKASEY, Attorney General, Respondent.**

No. 06–73200.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 26, 2008 [*].

Filed Sept. 4, 2008.

---

[**] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Michael T. Purcell, Esq., Portland, OR, for Petitioner.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, John D. Williams, Esq., Jeffrey L. Menkin, U.S. Department of Justice Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: SCHROEDER, KLEINFELD, and IKUTA, Circuit Judges.

## MEMORANDUM **

Felipe Moises Yac–Salanic, a.k.a. Pedro Gonon–Xiap, a native and citizen of Guatemala, petitions for review of the Board of Immigration Appeals' ("BIA") order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum and withholding of removal. We have jurisdiction under 8 U.S.C. § 1252. Reviewing due process claims de novo, *Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir.2000), and factual findings for substantial evidence, *INS v. Elias–Zacarias*, 502 U.S. 478, 481 n. 1, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992), we deny the petition for review.

■ Even if the IJ erred by failing to consider the 2002 State Department's country report for Guatemala, the BIA's subsequent consideration of the report as part of Yac–Salanic's motion to reopen and remand cured any error. *See Ghaly v. INS*, 58 F.3d 1425, 1430 (9th Cir.1995) (explaining that any error caused by IJ's refusal to consider petitioner's exhibits was cured by BIA's subsequent consideration of that evidence). Thus, Yac–Salanic's due process contention fails because he has not shown prejudice. *See Colmenar*, 210 F.3d at 971 (requiring an applicant to show prejudice in order to reverse BIA's

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

decision on due process grounds). Moreover, we reject Yac–Salanic's contention that the BIA could not consider the report. *See* 8 C.F.R. § 1003.1(d)(3).

The record does not compel the conclusion that Yac–Salanic's untimely filing of his asylum application should be excused due to changed circumstances. *See* 8 U.S.C. § 1158(a)(2)(D); 8 C.F.R. § 1208.4(a)(4).

■ Substantial evidence supports the agency's denial of withholding of removal because Yac–Salanic failed to establish he was or will be persecuted by guerrillas on account of a protected ground. *See Elias–Zacarias*, 502 U.S. at 481–84, 112 S.Ct. 812; *see also* 8 C.F.R. § 1208.16(b) (explaining that applicant for withholding of removal bears burden of showing persecution was or will be on account of a protected ground). In addition, we reject Yac–Salanic's attempt to recast his claim that civil patrols, as opposed to guerrillas, targeted him in Guatemala. Finally, substantial evidence supports the agency's conclusion that Yac–Salanic could relocate to another part of Guatemala.[1] *See* 8 C.F.R. § 1208.16(b).

**PETITION FOR REVIEW DENIED.**

---

1. We need not reach Yac–Salanic's contention that the IJ improperly found him to be an economic refugee because in its second opinion the BIA, reviewing de novo, did not rely on this finding to deny relief.

